NOS. 07-11-00189-CV; 07-11-0190-CV; 07-11-0191-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 28, 2011

_____

IN THE INTEREST OF J.S., J.H., J.H.

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 74,752-D, 78,212-D, 79,585-D; HONORABLE DON R. EMERSON, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following termination of their parental rights, appellants, Barbara Wesley and Caleb Huggins, filed notices of appeal through their appointed trial counsel. However, within the time for perfecting an appeal, counsel filed an amended notice of appeal that included affidavits of indigence for both Wesley and Huggins. The clerk's records in each of these causes reflect that trial counsel was permitted to withdraw from representation of appellants on appeal. Thus, both appellants have filed affidavits of indigency, but do not appear to be represented by counsel on appeal. We abate these appeals and remand the causes.

In Texas, there is a statutory right to counsel for indigent persons who respond in opposition to a parental termination case filed by a governmental entity. TEX. FAM.

CODE ANN. § 107.031(a)(1) (West 2008); In re M.S., 115 S.W.3d 534, 544 (Tex. 2003). Therefore, we abate the appeals and remand the causes to the trial court for further proceedings. Upon remand, the trial court is directed to determine if appellants are indigent, and whether attorney ad litems should be appointed to represent them on appeal.

Should the trial court determine that appellants are indigent and entitled to appointment of counsel, the trial court is directed to appoint counsel and provide counsel's name, address, telephone number, and state bar number to the Clerk of this Court immediately upon such appointment. Any orders issued shall be included in supplemental clerk's records for the cause in which the order is entered, and these supplemental clerk's records are to be filed with the Clerk of this Court on or before October 28, 2011.

The trial court is directed to hold any hearings it deems necessary to comply with this order. Any such hearings shall be recorded and a supplemental reporter's record containing these hearings shall be filed with the Clerk of this Court on or before October 28, 2011.

It is so ordered.

Per Curiam